IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEY SOURCE INTERNATIONAL, a California Corporation,<br><br>   Plaintiff,<br><br> v.<br><br>CEECOLOR INDUSTRIES, LLC, a Delaware Limited Liability Company; ALAN KIPUST, an individual; SITKA SPRUCE SECURITY, LLC, a Delaware Limited Liability Company, and DOES 1–1000,<br><br>   Defendants.<br>               / | No. C 12-01776 WHA<br><br>**ORDER REGARDING MOTION TO TRANSFER** |

In this declaratory relief patent action, defendants move to dismiss or, in the alternative, transfer.

Plaintiff Key Source International ("KSI") is a California corporation with its principal place of business in Oakland. Defendant CeeColor Industries, LLC, is a Delaware limited liability company with its principal place of business in Delaware. CeeColor was formed in the past thirty days (approximately) and does not manufacture any products and it is evidently in the business of suing others on patents.

On March 22, 2012, CeeColor filed a patent infringement suit against "Key Source International, Inc." in the United States District Court of Delaware, alleging that "Key Source International, Inc.'s" keyboards infringed Patent No. US 6,570,610 B1 ("Kipust patent").

*CeeColor Indus. v. Key Source International, Inc.*, No. 12CV00369 2012 WL 1189788 (D. Del., Mar. 22, 2012).

CeeColor alleged that "Key Source International, Inc." *was a Delaware corporation* with its principal place of business at 7711 Oakport Street in Oakland. CeeColor then allegedly sent a demand letter to 7711 Oakport Street in Oakland on March 23, 2012 (Compl. [in the present action herein] Exh. 3).

Our plaintiff, KSI (Key Source International), received the letter. The letter discussed CeeColor's suit in Delaware and demanded payment.

CeeColor filed an amended complaint in Delaware on April 5, 2012, which added "Key Source Systems, Inc." as a defendant and pled that "Key Source Systems, Inc." was a California corporation with a principal place of business at 7711 Oakport Street in Oakland (RJN Exh. B at 1). On April 9, 2012, CeeColor attempted to serve the amended complaint and summons on KSI through the Delaware Secretary of State pursuant to 8 Delaware Code § 382, which provides a procedure for serving out-of-state corporations. The Secretary of State was directed to deliver the summons and amended complaint to each of "Key Source International, Inc." and "Key Source Systems, Inc." at 7711 Oakport Street in Oakland (*id*. Exh. C). Our plaintiff acknowledged that such a delivery of complaint and summons arrived in Oakland at the 7711 Oakport address but claims to have endorsed and returned the papers as served on the wrong party.

Our plaintiff, KSI, filed this present declaratory action herein seeking invalidity and non-infringement of the Kipust patent on April 10, 2012. In its complaint, KSI alleges that it was (and is) a California corporation with its principal place of business in Oakland. KSI argues that it has nothing to do with the company being sued in the Delaware action, "Key Source International, Inc.," despite having a similar name.

CeeColor argues our plaintiff *is* the same as "Key Source International, Inc." and "Key Source Systems, Inc.," both allegedly properly sued and served in the Delaware court before the commencement of our instant action. KSI admitted that its 1700 series and 1450 series of Security keyboards are at issue in the Delaware action.

As stated, defendant CeeColor Industries moves to dismiss or, in the alternative, transfer to the District of Delaware.

Where this controversy should be litigated should be decided by the Delaware district judge, the Honorable Richard Andrews. Out of comity, it is best for him to determine whether the first-filed action was properly prosecuted and served, and whether our plaintiff here is a proper defendant there. The undersigned judge would like to give Judge Andrews the first opportunity to make this determination, which could occur in a variety of ways, such as via possible default judgment, a possible motion to dismiss for lack of personal jurisdiction, or other possible Rule 12 motion. In any event, the proper course of action is to hold this instant motion on abeyance until a determination has been made on the first-filed action.

In the meantime, the parties are each allowed limited discovery on the issues of service of process, personal jurisdiction (Delaware or here), and the multitude of allegations made at the hearing on June 6. Each side will be allowed two three-hour depositions and ten narrowly-framed document requests for the issues discussed. The parties will have until July 27 to finish this limited discovery. Supplementary submissions on the pending motion will be due at noon on July 27.

This judge wishes to make clear for his colleague in Delaware that he will follow his lead, and if he decides that a transfer to California is best, then the undersigned judge will conform to this decision. If he decides that the action is properly situated in Delaware, then the instant action will be transferred there. CeeColor is ordered to promptly provide a copy of this order to the Honorable Richard Andrews.

**IT IS SO ORDERED.**

Dated: June 6, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE