**United States District Court**
For the Northern District of California

1

2

3

4

5

6        IN THE UNITED STATES DISTRICT COURT

7

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   KEY SOURCE INTERNATIONAL, a            No. C 12-01776 WHA
     California Corporation,
11

12            Plaintiff,

                                            **ORDER RE MOTION**
13      v.                                  **TO DISMISS**

14   CEECOLOR INDUSTRIES, LLC, a
     Delaware Limited Liability Company;
15   ALAN KIPUST, an individual; SITKA
     SPRUCE SECURITY, LLC, a Delaware
16   Limited Liability Company, and
     DOES 1–1000,
17
              Defendant.
18   _____/

19         This declaratory patent action has had a strange procedural history.  In April 2012,

20   plaintiff filed this action for declaratory relief of invalidity and non-infringement.  Defendants

21   moved to dismiss on the grounds that (1) this Court lacks personal jurisdiction over Ceecolor

22   Industries, LLC and (2) there is no case or controversy involving defendants Alan Kipust and

23   Sitka Spruce Security, LLC.  Defendants also moved to transfer this action to the District of

24   Delaware, where Ceecolor had already filed an infringement action alleging that plaintiff

25   infringed at least one of the patents at issue here.  Plaintiff opposed on grounds that it was not

26   properly named and served in the Delaware action.

27

28

1    Defendants' motion was held in abeyance until Delaware District Judge Richard

2   Andrews determined whether the first-filed action in Delaware was properly prosecuted and

3   served, and whether our plaintiff here was a proper defendant there (Dkt. No. 49). Recently, the

4   District Court of Delaware dismissed CeeColor Industries LLC's infringement action against our

5   plaintiff for lack of personal jurisdiction. This resolves the issue of transfer. Because the issues

6   of transfer and dismissal were intertwined in the parties' prior briefs, a fresh round of briefing on

7   the motion to dismiss will be useful. Therefore, defendants must bring a fresh motion to dismiss

8   by October 17, to be noticed for hearing on the normal 35-day calendar.

9

10   **IT IS SO ORDERED.**

11

12   Dated:   October 3, 2012.

        WILLIAM ALSUP
13      UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

2