IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEY SOURCE INTERNATIONAL,

    Plaintiff,

v.

CEECOLOR INDUSTRIES, LLC, ALAN KIPUST, SITKA SPRUCE SECURITY, LLC, and DOES 1 through 1000,

    Defendants.

No. C 12-01776 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

## INTRODUCTION

In this declaratory relief patent action, defendants move for dismissal for lack of personal jurisdiction, lack of subject-matter jurisdiction and failure to state a claim. For the reasons stated below, the motion is **GRANTED**.

## STATEMENT

Plaintiff Key Source International is a family-owned business in Oakland, California that has been marketing and selling computer keyboards for sixty years. Plaintiff asserts that it brings this action to "clear the air as to the legality of certain patents so that commerce and industry can go forward uninterrupted, without any patent cloud created by 'patent trolling' defendants" CeeColor Industries, LLC, Alan Kipust and Sitka Spruce Security, LLC. Plaintiff alleges that the patent enforcement rights that are in dispute were assigned by Alan Kipust, the inventor, to Sitka and then presumably to CeeColor. Plaintiff also alleges that defendants CeeColor and Sitka are shell Delaware corporations that engage in so-called patent trolling.

Plaintiff alleges that defendants do not engage in any known manufacturing and certainly do not engage in manufacturing under the patent in dispute (Compl. ¶¶ 1, 2, 4, 5, 9 and 12).

Defendants sent an infringement letter to plaintiff along with a copy of an infringement suit filed in the District Court of Delaware against plaintiff. The infringement letter demanded money to settle a dispute over the patent purportedly owned by defendant CeeColor. Plaintiff alleges that the infringement letter and suit in Delaware were a sham. Plaintiff asserts that it operates its business under three patents for which it has both implied and actual protections. Accordingly, plaintiff seeks declaratory relief (Compl. ¶¶ 9–10).

While the facts are simple, this action has had a strange procedural history (Dkt. No. 57). In April 2012, this civil action was filed for declaratory relief of invalidity, non-infringement and unenforceability. Defendants moved to dismiss for lack of personal jurisdiction and lack of subject-matter jurisdiction. Defendants also moved to transfer to the District of Delaware, where as previously mentioned, our defendants had already filed an infringement suit against our plaintiff. This action was held in abeyance to determine if the Delaware action was going to move forward.

The District Court of Delaware, however, dismissed our defendant CeeColor's infringement suit against our plaintiff for lack of personal jurisdiction. This resolved the transfer issue. Defendants now move to dismiss plaintiff's declaratory relief claim for (1) lack of personal jurisdiction, (2) lack of subject-matter jurisdiction, and (3) failure to state a claim.

**ANALYSIS**

Rule 12(b)(2) governs dismissal for lack of personal jurisdiction. In patent actions, the Federal Circuit precedent determines whether there is personal jurisdiction over defendants. There are two requirements: (1) the forum state has a long-arm statute that permits service of process and (2) asserting jurisdiction does not violate defendants' due process rights. "Because California's long-arm jurisdictional statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359–60 (Fed. Cir. 2001).

In the landmark decision, *International Shoe Co. v. Washington*, the Supreme Court held that "due process requires only that . . . [defendants] have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." 326 U.S. 310, 316 (1945).

Moreover, personal jurisdiction is of two varieties: general jurisdiction and specific jurisdiction. General jurisdiction exists if a defendant has "substantial" or "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Specific jurisdiction exists if: (1) the defendants have performed some act or consummated some transaction within the forum or otherwise purposely availed himself of the privileges of conducting activities in the forum; (2) the claim arises out of or results from the defendants' forum-related activities; and (3) the exercise of jurisdiction is fair and reasonable. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

Additionally, the Federal Circuit has held that letters threatening suit for patent infringement sent to the alleged infringer by themselves do not suffice to create personal jurisdiction. *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1333 (Fed. Cir. 2009).

### 1. GENERAL JURISDICTION.

Defendants contend that general jurisdiction does not exist over any of them. Both defendant corporations are incorporated in Delaware. Defendants also state that they do not reside in California, are not domiciled in California and do not maintain an office or conduct business in California (Br. 6). Plaintiff has not challenged any of these contentions. Accordingly, it is clear that general jurisdiction is not proper.

### 2. SPECIFIC JURISDICTION.

Defendants also argue that specific jurisdiction does not exist over any of them. Plaintiff contends that "[w]hen a patent troll whose sole business is engaging in licensing and litigation activities, files suit, sends out demand letters and makes settlement demand

phone calls, and directs those activities into the Northern District of California, said conduct is sufficient to establish personal jurisdiction . . . " (Sur-reply Br. 2).

The Federal Circuit case law is clear that infringement letters warning of suit and telephone calls regarding licensing agreements are not sufficient to establish personal jurisdiction. *Radio Sys. Corp. v. Accession, Inc.,* 638 F.3d 785, 791 (Fed. Cir. 2011). The Federal Circuit has noted that "in many patent declaratory judgment actions, the alleged injury arises out of the threat of infringement as communicated in an infringement letter, and the patentee may have little contact with the forum beyond this letter." In this situation, the Federal Circuit has held:

> While such letters themselves might be expected to support an assertion of specific jurisdiction over the patentee because the letters are purposefully directed at the forum and the declaratory judgment action arises out of the letters, we have held that, based on policy considerations unique to the patent context, letters threatening suit for patent infringement sent to the alleged infringer by *themselves* do not suffice to create personal jurisdiction. This is because to exercise jurisdiction in such a situation would not comport with fair play and substantial justice. Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum. . . . Thus, for the exercise of personal jurisdiction to comport with fair play and substantial justice, there must be *other activities* directed at the forum and related to the cause of action besides the letters threatening an infringement suit.

*Avocent*, 552 F.3d at 1333 (citations and quotations omitted) (emphasis added). The "other activities" identified in *Avocent* include "initiating judicial or extra-judicial patent enforcement *within* the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *Ibid.* (emphasis added).

Plaintiff relies on two decisions to support its contention that personal jurisdiction is proper. Both decisions fall short to displace clear and controlling Federal Circuit case law.

*First*, *Wistron Corporation v. Phillip M. Adams & Assocs.*, *LLC*, 2011 WL 1654466 (N.D. Cal. April 28, 2011) (Chen, J.), is distinguishable. In that action, the court placed a great deal of weight on the fact that the defendant had an exclusive licensing agreement with Hewlett-Packard Company, a California corporation, and therefore had an obligation to

4

enforce the patent. The exclusive licensing agreement with a California corporation established sufficient contacts with the forum state. These are not our facts. Our defendants are not alleged to have an exclusive licensing agreement with a California corporation.

*Second*, plaintiff also cites *Pharmanet, Inc. v. DataSci, LLC*, 2009 WL 396180 (D.N.J. Feb. 17, 2009) (Brown, J.), for the proposition that preparing and filing a lawsuit against a resident company in the forum state is sufficient to establish personal jurisdiction. This decision is not on point. The Federal Circuit has stated that "[w]e made clear in *Avocent* that enforcement activities taking place outside the forum state do not give rise to personal jurisdiction in the forum, and that decision is controlling. . . ." *Radio Sys. Corp.,* 638 F.3d at 792.

Moreover, the proposition that filing suit against a resident of the forum state is insufficient to find personal jurisdiction is also supported by *Juniper Networks, Inc. v. SSL Servs.*, LLC, 2009 WL 3837266 (N.D. Cal. Nov. 16, 2009) (Armstrong, J.), *aff'd*, 2010 WL 5140471 (Fed. Cir. Dec. 13, 2010). The *Juniper* decision held that suing a California resident in a Texas district court is insufficient to confer personal jurisdiction because the enforcement activities took place in Texas. So too here. In this action, the enforcement activities, *i.e.*, the infringement suit, took place in Delaware, not California. Accordingly, plaintiff has failed to identify "other activities" beyond sending the infringement letter, and thus has not established that specific jurisdiction exists over defendants.

In a last-ditch attempt, plaintiff requests that it be allowed jurisdictional discovery to determine if there is personal jurisdiction. Specifically, plaintiff seeks to shore up its jurisdiction allegations by showing that defendants sent infringement letters into the forum state in bad faith. This request is denied. The June 6 order allowed for limited discovery on the issue of personal jurisdiction. Each side was allowed two three-hour depositions and ten narrowly framed document requests (Dkt. No. 49). Plaintiff argues that "[p]revious jurisdictional discovery ordered by this court and promulgated by plaintiff KSI was completely rebuffed by all defendants." If this were true, plaintiff should have met and conferred with opposing counsel and raised this issue much sooner, as limited discovery closed July 27, rather than raising the

5

issue for the first time in its sur-reply brief. Accordingly, this order finds that additional jurisdictional discovery is not justified.

Moreover, this order also takes notice of the procedural history of this action. Plaintiff was sued in the District Court of Delaware over a patent for which it now seeks declaratory relief for here. Plaintiff moved to have the Delaware action dismissed because it contended that Delaware did not have personal jurisdiction over it. The Delaware action was so dismissed. This is problematic for two reasons.

*First*, plaintiff had a chance to seek declaratory relief in the Delaware action and instead decided to roll the dice by having that action dismissed on personal jurisdiction grounds. Whether plaintiff considered the necessary requirement of establishing personal jurisdiction over the defendants in this action is a mystery. This problem, however, was of plaintiff's own creation. *Second*, in the Delaware action, plaintiff protested that Delaware did not have personal jurisdiction over it and now requests that defendants be haled into this forum without demonstrating personal jurisdiction. Plaintiff cannot have it both ways. Plaintiff is required to demonstrate that personal jurisdiction exists over each defendant here. Plaintiff has failed to do so. As a result, plaintiff's declaratory relief action is **DISMISSED**.

Because this order finds that personal jurisdiction is not proper, defendants' arguments regarding lack of subject-matter jurisdiction and failure to state a claim will not and need not be decided. Additionally, in its opposition, plaintiff sought to amend its complaint to allege a claim for violation of California Business & Professions Code Section 17200. *First*, plaintiff cannot amend its complaint in its opposition. *Second*, this request is now moot given plaintiff's failure to establish personal jurisdiction over defendants.

6

**CONCLUSION**

For the reasons mentioned above, defendants' motion to dismiss is **GRANTED**. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 29, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE